IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES EDWARD HALL,** ) | |
| ) | |
|       **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-589-MJR** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 02-cr-30116** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
|       **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

A jury found Petitioner Charles Edward Hall guilty of aiding and abetting the transporting a minor female in interstate commerce with intent to engage in criminal sexual activity, a violation of 18 U.S.C. §§ 2 and 2423(a), and witness tampering, in violation of 18 U.S.C. § 1518(b)(3).  On August 18, 2003, this Court imposed an aggregate sentence of 168 months incarceration, three years supervised release, a special assessment of $300 and a fine of $2,100.  Hall appealed his conviction, arguing that the Court erred in admitting and excluding certain evidence, and that there was insufficient evidence to convict him.  These arguments were rejected; his conviction and sentence were affirmed.  *United States v. Bonty*, 383 F.3d 575 (7th Cir. 2004).

Hall next filed a motion pursuant to 28 U.S.C. § 2255 in which he argued that trial counsel was ineffective in failing to present certain defense theories and failing to investigate the victims and the charges.  The Government filed a response, and this Court denied the motion on July 18, 2006.  *Hall v. United States*, Case No. 05-cv-875-MJR (S.D. Ill., filed Dec. 13, 2005).  Hall then appealed, but the Seventh Circuit denied his request for a certificate of appealability.  *Hall v. United States*,

Appeal No. 06-3242 (7th Cir., decided Dec. 12, 2006).  Hall later filed the instant motion under § 2255 on August 3, 2009.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition.

> Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494-5, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing.  From the district court's perspective, it is the allocation of subject-matter jurisdiction to the court of appeals.  A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.  Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government.  A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir. 1996).  Because there is nothing in the record to establish that Hall has sought and obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion under § 2255, this Court is without jurisdiction to entertain the motion.

Accordingly, Hall's motion under § 2255 is **DENIED**, and this action is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED this 25th day of January, 2010.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**